## FARLEY *v.* THE PEOPLE.

An appeal will not lie from a judgment of a justice of the peace in a criminal cause to the district court of Arapahoe county.

*Error to the District Court of Arapahoe County.*

THE only error assigned in the supreme court was the dismissal of the appeal by the district court for want of jurisdiction.

Mr. T. M. PATTERSON, for plaintiff in error.

HALLETT, C. J. This was a conviction for larceny in a justice's court in Arapahoe county, from which plaintiff in error prosecuted an appeal to the district court of that county. The appeal was dismissed by the district court upon the ground that there was no jurisdiction in that court to try the case, and this is the question presented by exception.

The act upon which the proceeding is founded gave an appeal to the district court (R. S. 256), but a later act (8th Sept., '69) provides that all appeals from justices of the peace in Arapahoe county shall be taken to the probate court of that county. The last-mentioned act contains but one section upon the subject of appeals, and that is very comprehensive. After declaring that all appeals from justices of the peace in Arapahoe county shall be taken to the probate court, causes tried before the probate judge when acting as a justice of the peace are excepted, and it is declared that " in no other case shall any appeal be allowed to the district court of said county."

It is claimed that this section is applicable to civil cases only, because the act in which it is found relates to the civil

jurisdiction of the court. But that circumstance is not entitled to much weight, for it will be found that this act, and the earlier acts relating to probate courts (R. S. 521) are addressed generally to the original jurisdiction of such courts in civil and probate matters, and not to the appellate jurisdiction in cases arising in inferior courts. A single section in the act of 1864 (R. S. 526) provides that in certain counties, appeals may be taken to the probate courts; but I have not found any other clause or section in any of those acts upon that subject.

Now, the fact that the legislature has at different times defined the jurisdiction of the probate courts in civil causes, originally brought in such courts, and in such acts criminal proceedings are not mentioned, may be quite sufficient to show that original jurisdiction in criminal cases was not intended to be conferred, but as to the appellate jurisdiction of the court, it proves nothing.

To say that in defining original jurisdiction in civil cases, the legislative assembly evinced a purpose to withhold all other jurisdiction in cases appealed, is manifestly illogical.

There is not in any of these acts an express declaration that probate courts shall have jurisdiction in causes appealed from justices of the peace, whether civil or criminal; nor was any such declaration necessary.

Upon that point it is enough that the legislature has declared that appeals shall be allowed, and upon that provision it is impossible to say that the legislature referred to one class of cases more than another. The declaration that all appeals in Arapahoe county shall be taken to the probate court, except in cases which are first tried by the probate judge, together with the last clause of the section, must be taken in its ordinary sense, and to refer to all cases tried before justices of the peace, whether civil or criminal; and as this case was not within the exception, the ruling of the district court was correct.

The suggestion, which was not strongly urged, that the Organic Act limits the jurisdiction of probate courts to civil

cases, appears to be untenable.    Equally with district courts, that act confers upon probate courts authority for redress of all wrongs committed against the laws of the Territory, which must embrace public wrongs, whatever may be said respecting those which are denominated private wrongs.

The judgment of the district court is affirmed with costs.

*Affirmed.*